In the Matter of the Application of EDNA W. STERN, Respondent, to Confirm the Award Made in the Arbitration Proceedings between EDNA W. STERN and WALTER T. STERN, Appellant. (Appeal No. 1.)

In the Matter of the Application of EDNA W. STERN, as Guardian ad Litem of PRISCILLA STERN, an Infant, Respondent, to Confirm the Award Made in the Arbitration Proceedings between EDNA W. STERN and WALTER T. STERN, Appellant. (Appeal No. 2.)

First Department, November 22, 1940.

*Harold R. Medina* of counsel [*Nathan A. Smyth,* attorney], for the appellant.

*Isaac H. Levy* of counsel [*Battle, Levy, Fowler & Neaman,* attorneys], for the respondent, individually and as guardian *ad litem* of Priscilla Stern, an infant.

TOWNLEY, J. The parties hereto, husband and wife, entered into an arbitration agreement to determine the amount necessary for the support of the wife and daughter. In the correspondence which preceded the execution of the formal submission, the parties agreed to a " non-statutory arbitration." The proceeding was also so designated in the submission and in the award. There is nothing to show the meaning which the parties intended to give to this term except a definition suggested in two letters of petitioner's counsel, which would indicate that it was the understanding on both sides that a " non-statutory arbitration " gave some greater leeway to an arbitrator in the acceptance of evidence and testimony than is possessed by an arbitrator in an ordinary statutory arbitration. Without passing on the correctness of this view, the fact remains that such was the opinion of counsel. It is clear that that was the only meaning intended by the peculiar term used to describe this arbitration.

On the motion to confirm the award the respondent husband first raised the point that since this was a " non-statutory " arbitration no judgment could be entered thereon. The right to enter a judgment in an arbitration proceeding follows as a matter of course on compliance with the provisions of the Civil Practice Act. That the statute was fully complied with in the proceeding is conceded. The mere use of the word " non-statutory " is, therefore, not sufficient to deprive petitioner of this right

in the absence of an estoppel or some clear indication of an agreement that no judgment was to be entered upon the award. We find no evidence of any such agreement in this record. In fact, as above indicated, the meaning of the phrase was defined in advance. It could not have been intended that this long and expensive proceeding was to be but the beginning of further litigation between the parties and that the arbitration should not finally determine the question submitted. No mere ambiguous label can defeat petitioner's right to enter her judgment. We, therefore, hold that since all the conditions precedent to the right to enter a judgment have been performed, that right may be exercised.

The scope of this arbitration included fixing a reasonable allowance for the support of the respondent's daughter. This daughter is still a minor and was not made a party to the arbitration. The award for her benefit is included in the single award made by the arbitration. The motion to confirm the arbitrator's award was granted, but two judgments were entered: one in favor of the petitioner and one in favor of the daughter. We find no authority for this procedure. The daughter was not a party and should not have a judgment entered in her favor under the circumstances.

The order granting the motion to confirm the award in favor of the guardian *ad litem* of Priscilla Stern, and the judgment entered thereon, should be reversed and said motion denied; the last paragraph of the order granting the motion to confirm the award made to Edna Stern should be modified to read as follows: " Ordered that the said Edna W. Stern have judgment in conformity with said award," and the judgment entered thereon should be modified accordingly, and as so modified the order and judgment should be affirmed, with costs of these appeals to the respondent.

MARTIN, P. J., COHN and CALLAHAN, JJ., concur.

Ordered accordingly. Settle order on notice.